UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | | |
|---|---|---|
| Charles Craft | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Asset Acceptance, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Lloyd & McDaniel, PLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     James M. Lloyd | ) | |
|     11405 Park Road, Suite 200 | ) | |
|     P.O. Box 23200 | ) | |
|     Louisville, KY 40223-0200 | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

\*   \*   \*   \*   \*

### INTRODUCTION

1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and for wrongful garnishment in violation of Kentucky law.

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.    Plaintiff Charles Craft is a natural person who resides in Breathitt County, Ky.

Mr. Craft is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Asset Acceptance, LLC ("AAL") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. AAL's principal place of business is located at 28405 Van Dyke Avenue, Warren, MI 48093.

5. AAL is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6. Defendant Lloyd & McDaniel, PLC ("L&M") is a Kentucky limited liability company which has registered with the Kentucky Secretary of State. L&M is engaged in the business of collecting debts in this state on behalf of creditors. L&M's principal place of business is located at 28405 Van Dyke Avenue, Warren, MI 48093.

7. L&M is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

8. On December 1, 2008, Asset Acceptance, LLC ("AAL") by and through its counsel Lloyd & McDaniel, PLC ("L&M"), filed a complaint against Plaintiff Charles Craft ("Craft") in the Breathitt District Court of Breathitt County, Kentucky under case number 08-C-00469 (the "State Court Lawsuit").

9. AAL's complaint in the State Court Lawsuit was an attempt to collect a charged-off account originated by another lender and subsequently sold to AAL after default. The account at the basis of the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the account a "debt" within the meaning of the FDCPA.

10. AAL, by and through L&M as its counsel, moved for default judgment against Mr. Craft in the State Court Lawsuit on January 22, 2010, and the Breathitt District Court granted default judgment to AAL on January 25, 2010 (the "Judgment").

11. A true and accurate copy of the Judgment is attached as Exhibit "A."

12. The Judgment provides in pertinent part:

> On Motion by the Plaintiff, and the above-captioned Defendant having been served with process, and having failed to plead or otherwise defend, it is adjudged by the Court that the Plaintiff recover of the Defendant the sum of $1,556.00, plus accrued interest of $241.80 through September 23, 2010, with interest thereon at the rate of 8% from September 23, 2010 through the date of Judgment, all bearing interest at the rate of 12% from the date of Judgment, plus costs expended herein, until the Judgment is satisfied. There being no just reason for delay, this Judgment is final and appealable.

Exhibit "A."

13. While the Judgment awards "costs expended herein" to AAL, no amount of court costs is included or set forth in the Judgment.

14. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

15. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

16. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

17. Under Kentucky law, a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App.

2010).

18.   A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

19.   Neither AAL, nor L&M as AAL's counsel, filed a bill of costs in the State Court Lawsuit.

20.   Neither AAL, nor L&M as AAL's counsel served a bill of costs on Mr. Craft related to the State Court Lawsuit.

21.   There is no supplemental judgment entered in the State Court Lawsuit awarding AAL costs.

22.   On November 15, 2010, AAL, by and through L&M as AAL's counsel, served a wage garnishment to Mr. Craft's employer (the "First Garnishment").

23.   On August 19, 2016, AAL, by and through L&M as AAL's counsel, served a second wage garnishment to Mr. Craft's employer (the "Second Garnishment").

24.   A true and accurate copy of the Second Garnishment is attached as Exhibit "B."

25.   The Second Garnishment provides in pertinent part:



Exhibit "B."

26.   Upon information and belief, the "Amount Due" of $3,182.80 stated in the Second Garnishment includes self-awarded court costs that neither AAL nor L&M has any legal right to recover from Mr. Craft.

27.   The "Probable Court Costs" of $20.00 stated in the Second Garnishment consists in whole or in part of statutory fees that are not recoverable court costs under Kentucky law.

28.   AAL and L&M violated the FDCPA by **(i)** including court costs in the amount due in the Second Garnishment where no timely Bill of Costs was filed in the State Court

Lawsuit; **(ii)** falsely representing the amount due in the Second Garnishment; and **(iii)** collecting or attempting to collect more under the Judgment that it had any legal right to collect from Mr. Craft.

## Claims for Relief

I. **Violations of the FDCPA**

29. The foregoing acts and omissions of Asset Acceptance, LLC ("AAL") and Lloyd & McDaniel, PLC ("L&M") constitute violations of the FDCPA. AAL's and L&M's violations include, but are not limited to, the following:

   a. Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the debt in the Second Garnishment;

   b. Violation of 15 U.S.C. § 1692e(5) by collecting or attempting to collect costs and collection expenses which neither AAL nor L&M had a legal right to collect from Mr. Craft, thus taking an action which cannot legally be taken;

   c. Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect costs and collection expenses from Mr. Craft in the Second Garnishment; and

   d. Violation of 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts of costs and collection expenses which were neither authorized by the agreement creating the debt nor permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Charles Craft requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages against each Defendant under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5.      Such other relief as may be just and proper.

>Respectfully submitted,
>
>/s/ James R. McKenzie
>**James R. McKenzie**
>*James R. McKenzie Attorney PLLC*
>115 S. Sherrin Ave. Suite 4
>Louisville, KY 40207
>Tel:    (502) 371-2179
>Fax:    (502) 257-7309
>jmckenzie@jmckenzielaw.com
>
>James H. Lawson
>*Lawson at Law, PLLC*
>115 S. Sherrin Avenue, Suite 4
>Louisville, KY 40207
>Tel:    (502) 473-6525
>Fax:    (502) 473-6561
>james@kyconsumerlaw.com